UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL TREASURY EMPLOYEES
  UNION,

     Plaintiff,

       v.                           No. 1:25-cv-3948 (JDB)

U.S. OFFICE OF PERSONNEL
  MANAGEMENT,

     Defendant.

## ANSWER

Defendant, the U.S. Office of Personnel Management ("OPM"), respectfully submits this Answer to the Complaint, *see* Compl., ECF No. 1, filed by Plaintiff, the National Treasury Employees Union, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

The opening paragraph of the Complaint contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff brings this action under the FOIA.

1.      This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA.

2.      This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent a response is required, Defendant admits that venue lies in this judicial district for a proper claim under the FOIA.

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

4.      Defendant admits that OPM is an agency of the United States government and is headquartered at 1900 E Street NW, Washington, DC 20415. The remaining allegations consist of Plaintiff's description of the records sought and conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant avers that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent the contents of the request and the records to which Defendant has possession, custody, and control.

5.      Plaintiff refers to several Executive Orders and draws conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant avers that the Executive Orders are the best evidence of their contents and respectfully refers the Court to them for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent with their contents.

6.      Plaintiff refers to OPM guidance and makes conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant avers that the

2

referenced guidance is the best evidence of its contents and respectfully refers the Court to it for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent with that guidance.

7.     Defendant admits that on August 20, 2025, Defendant received a FOIA request from Plaintiff and assigned it tracking number 25-HQ-2374-F. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies the allegations inconsistent therewith.

8.     Plaintiff refers to the FOIA and makes conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant avers that the FOIA is the best evidence of its contents and respectfully refers the Court to it for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent with the FOIA.

9.     Plaintiff alleges OPM has not responded to the NTEU request "at all" and makes conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegation and avers that the cited statutory provisions of the FOIA are the best evidence of their contents and respectfully refers the Court to the cited statutory provisions of the statute for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent therewith.

10.     This paragraph does not contain new allegations of fact, but rather contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant avers that the cited statutory provisions of the FOIA are the best evidence of their contents and respectfully refers the Court to the cited statutory provisions of the FOIA for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent therewith.

11.    This paragraph does not contain new allegations of fact, but rather contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant avers that the cited statutory provisions of the FOIA are the best evidence of their contents and respectfully refers the Court to the cited statutory provisions of the statue for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent therewith.

12 - 15.    These paragraphs contain conclusions of law, to which no response is required. To the extent that a response is required, Defendant avers that the cited statutory provisions of the FOIA are the best evidence of their contents and respectfully refers the Court to the cited statutory provisions of the statute for a complete and accurate statement of their contents. Defendant denies any allegations inconsistent therewith.

The remaining paragraphs set forth Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances that give rise to this Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the

4

Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the

relief authorized by the FOIA.

## THIRD DEFENSE

Defendant's actions or inactions did not violate the FOIA or any other statutory or

regulatory provision.

Dated:  December 15, 2025

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

s/ James D. Todd, Jr.
JAMES D. TODD, JR.
Senior Trial Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
(202) 514-3378
james.todd@usdoj.gov

Counsel for Defendant

5