IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL TREASURY EMPLOYEES UNION    )
800 K Street N.W., Suite 1000    )
Washington, D.C.  20001,    )
    )
       Plaintiff,    )
    )
       v.    )  Case No. 25-cv-3948 (JDB)
    )
OFFICE OF PERSONNEL MANAGEMENT    )
1900 E Street N.W.    )
Washington, D.C.  20415    )
    )
       Defendant.    )
_____    )

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *as amended*, to secure the release of records responsive to the August 20, 2025, FOIA request that the National Treasury Employees Union (NTEU) submitted to the Office of Personnel Management (OPM). NTEU's FOIA request seeks certain petitions that agencies have submitted to OPM as required by a Presidential Executive Order.

## JURISDICTION

1.     This Court has jurisdiction over this cause of action under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B), because this is an action to enforce the requirements of FOIA.

<u>VENUE</u>

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

<u>PARTIES</u>

3.      NTEU is an unincorporated association with its principal place of business at 800 K Street N.W., Suite 1000, Washington, D.C. 20001. Pursuant to Title VII of the Civil Service Reform Act, Public Law No. 95-454, 92 Stat. 1111, NTEU represents approximately 160,000 federal employees in 38 agencies and departments.

4.      Defendant OPM is located at 1900 E Street N.W., Washington, D.C., 20415, and has possession and control over the records that NTEU seeks.

<u>STATEMENT OF FACTS</u>

5.      Executive Order 13957, 85 Fed. Reg. 67631 (Oct. 21, 2020), directed heads of executive agencies to petition the OPM Director to place certain positions within a new excepted service category. Executive Order 13957 was revoked by Executive Order 14003, 86 Fed. Reg. 7231 (Jan. 22, 2021), but then was "reinstated with full force and effect" by Executive Order 14171, 90 Fed. Reg. 8625 (Jan. 20, 2025). Executive Order 14171 established "Schedule Policy/Career" as a new excepted-service classification for certain federal positions.

6.      OPM told agencies on January 27, 2025:

> Agency heads will . . . petition OPM to recommend that the President place those positions in Schedule Policy/Career. . . . Agencies have 90 days to conduct a preliminary review of positions and submit petitions, with an additional 120 days to finalize their review and submit any remaining

petitions. Agencies may, and are encouraged to, submit such petitions on a rolling basis.

OPM, "Guidance on Implementing President Trump's Executive Order titled, 'Restoring Accountability To Policy-Influencing Positions Within the Federal Workforce'" (Jan. 27, 2025).

7.     By electronic submission dated August 20, 2025 (attached as Exhibit A), NTEU requested the following information from OPM:

> [A]ll petitions received by the Office of Personnel Management from all agencies identifying positions within the submitting agency to be transferred into Schedule Policy/Career, as created by Executive Order 13957 and pursuant to OPM Guidance on Implementing President Trump's Executive Order titled, "Restoring Accountability To Policy-Influencing Positions Within the Federal Workforce" issued on Jan. 27, 2025.

8.     OPM's FOIA portal shows that NTEU's request was received on August 20, 2025 (attached as Exhibit B).

9.      FOIA requires agencies to respond to requests within 20 working days, 5 U.S.C. § 552(a)(6)(A)(i), although agencies may extend that time period for an additional ten working days in "unusual circumstances." *Id.* § 552(a)(6)(B).

10.     OPM did not respond to NTEU's FOIA request within the statutory 20 working day time period, nor did it extend that time period for any "unusual circumstances."

11.     Because NTEU did not receive a response to its FOIA request within the statutory deadline, NTEU is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

12.    NTEU filed this suit on November 14, 2025, because it has a statutory right to the records requested in its August 20, 2025 FOIA request to OPM, and there was no legal basis for OPM's failure to respond to NTEU's request or for the agency's failure to produce the requested records within the statutory time period.

13.    Defendant filed an answer on December 15, 2025. ECF # 10.

14.    Defendant informed the court on December 22, 2025, in a motion to extend time for the parties to file a proposed schedule for production and/or briefing, that "[d]efendant plans to conduct its search for records responsive to Plaintiff's FOIA request this week." ECF # 12.

15.    On January 15, 2026, defendant's counsel told plaintiff's counsel that "OPM conducted an initial search for records responsive to NTEU's FOIA request but did not locate any responsive records."

16.    Defendant also informed the Court on January 15, 2026, in a motion to extend time for the parties to file a proposed schedule for production and/or briefing that "[d]efendant conducted an initial search for records responsive to Plaintiff's FOIA request but did not locate any records [and] Defendant is now conducting a broader search for records . . . ." ECF # 13.

17.    Plaintiff's counsel informed defendant's counsel on January 15, 2026, that "agencies have told [NTEU] that they *have* submitted such petitions to OPM and so OPM must have them somewhere."

18.    On January 23, 2026, defendant asserted in a joint proposal for a briefing schedule that "[d]efendant has completed its search for records responsive

to Plaintiff's request for records under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, and has located responsive records" and that defendant estimated it

could complete processing of such records by February 27, 2026.  ECF # 14.

19.    On February 26, 2026, defendant responded to plaintiff's FOIA request

(attached as Exhibit C). In that response, defendant stated that it had located 278

pages of responsive documents from over 40 agencies, that it was withholding the

documents in full under the deliberative process privilege (FOIA exemption 5), and

withholding some privacy-related information (such as telephone extensions and

email addresses) under FOIA exemption 6.

20.    FOIA embodies a strong presumption in favor of disclosure. *See Dep't*

*of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (the "dominant objective" of the

Act is "disclosure, not secrecy."). Consistent with that objective, FOIA's enumerated

exemptions are exclusive and "must be narrowly construed." *Id.* (citations omitted).

The agency bears the burden of justifying any withholding and of showing that it

has released all reasonably segregable non-exempt material. 5 U.S.C. § 552(a)(4)(B),

(b); *see U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

21.    The documents requested are not covered by the deliberative process

privilege (exemption 5). The documents are neither predecisional nor deliberative,

and their release will not cause the government any foreseeable harm. Defendant

has also failed to produce any segregable, non-deliberative information. *See* 5

U.S.C. § 552(b)("Any reasonably segregable portion of a record shall be provided to

any person requesting such record. . . .").

22. The government's withholding is also not justified by exemption 6 because release of the requested documents would not constitute a clearly unwarranted invasion of anyone's personal privacy. Government telephone extensions or email addresses are not private information and if they were, the appropriate agency response would be to redact such information rather than withholding all documents in full. *See* 5 U.S.C. § 552(b).

## CAUSE OF ACTION

23. Plaintiff reasserts and incorporates herein the allegations set forth in paragraphs 1 through 22.

24. Under 5 U.S.C. § 552(a)(3), OPM must produce, upon request, records not specifically exempted by FOIA or for which disclosure is not otherwise prohibited by law.

25. OPM must respond to a FOIA request within 20 working days, unless it invokes a 10-day extension.

26. NTEU is entitled to the records it requested because disclosure of such records is not specifically exempted by FOIA and is not otherwise prohibited by law.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff NTEU respectfully requests that this Court:

(1) Declare that OPM's failure to release the records requested by NTEU is unlawful;

(2) Order OPM to make the requested records available to NTEU within ten calendar days;

(3)     Award NTEU its costs, reasonable attorneys' fees and expenses, and

other disbursements in this action; and

(4)     Grant any additional appropriate relief.

Respectfully submitted,


  /s/ Paras N. Shah
PARAS N. SHAH
General Counsel

  /s/ Allison C. Giles
ALLISON C. GILES
Associate General Counsel
Office of General Counsel
NATIONAL TREASURY EMPLOYEES UNION
800 K Street N.W., Suite 1000
Washington, D.C. 20001
(202) 572-5500

April 1, 2026                    Counsel for Plaintiff NTEU

EXHIBIT A

8/20/25, 9:55 AM
Case 1:25-cv-03948-JDB  Document 18  Filed 04/01/26  Page 9 of 20
FOIA.gov - Freedom of Information Act: You created a request

 An official website of the United States government
Here's how you know



 FOIA.gov

MENU

**Thank you for visiting FOIA.gov, the government's central website for FOIA.** We'll continue to make improvements to the site and look forward to your input. Please submit feedback to National.FOIAPortal@usdoj.gov.

**Submission ID:** 2341441

# Success!

## Your FOIA request has been created and is being sent to the Office of Personnel Management.

You'll hear back from the agency confirming receipt in the coming weeks using the contact information you provided. If you have questions about your request, feel free to reach out to the agency FOIA personnel using the information provided below.

### Contact the agency

FOIA Requester Service Center

202-606-3642

foia@opm.gov

Camille C. Aponte-Rossini, FOIA Public Liaison

202-606-1153

camille.aponte-rossini@opm.gov

FOIA Requester Service Center, Room 5H35
1900 E Street NW
Washington, DC 20415-7900

foia@opm.gov

---

# Request summary

Request submitted on**August 20, 2025**.

The confirmation ID for your request is **2341441**.



The confirmation ID is only for identifying your request on FOIA.gov and acts as a receipt to show that you submitted a request using FOIA.gov. This number does not replace the information you'll receive from the agency to track your request. In case there is an issue submitting your request to the agency you selected, you can use this number to help.

## Contact information

**Name**

Allison Giles

**Mailing address**

800 K Street, N.W., Suite 1000

Washington, D.C. 20001

United States

**Phone number**

202-572-5509

**Fax number**

202-572-5645

**Company/organization**

National Treasury Employees Union

**Email**

Allie.Giles@nteu.org

---

## Your request

We request all petitions received by the Office of Personnel Management from all agencies identifying positions within the submitting agency to be transferred into Schedule Policy/Career, as created by Executive Order 13957 and pursuant to OPM Guidance on Implementing President Trump's Executive Order titled, "Restoring Accountability To Policy-Influencing Positions Within the Federal Workforce" issued on Jan. 27, 2025.

## Fees

**What type of requester are you?**
other

**Fee waiver**
yes

**Fee waiver justification**
NTEU requests a fee waiver. NTEU is a nonprofit labor union. Furthermore, disclosure of the records requested would be in the public interest because they are likely to contribute significantly to public understanding of the operations and activities of the government and requesting the records is not primarily in NTEU's commercial interest.

**The amount of money you're willing to pay in fees, if any**
0

## Request expedited processing

**Expedited processing**
yes

**Justification for expedited processing**
NTEU has an urgency to inform the public concerning Federal Government activity. Specifically, NTEU needs the documents in order to understand how agencies and OPM are implementing a Presidential directive (the Schedule Policy/Career Executive Order) that affects the entire federal workforce.



## CONTACT

Office of Information Policy (OIP)

U.S. Department of Justice

441 G St, NW, 6th Floor

Washington, DC 20530

E-mail: National.FOIAPortal@usdoj.gov

Hero image credit ⧉ CC3.0

| FREQUENTLY ASKED QUESTIONS

| DEVELOPER RESOURCES

| AGENCY API SPEC

| FOIA CONTACT DOWNLOAD

| FOIA DATASET DOWNLOAD

| ACCESSIBILITY

| PRIVACY POLICY

| POLICIES & DISCLAIMERS

| JUSTICE.GOV

| USA.GOV ⧉

EXHIBIT B



**Upcoming Scheduled Maintenance**
Nov 22, 2025 – 09:00 PM ET to Nov 23, 2025 – 04:00 AM ET                    ✕

# United States Office *of* Personnel Management

My Account    Sign Out    Help

Home

FOIA/Privacy Act Requests

Reading Room

Submit Request

Submit Appeal

Request Status

Request -  25-HQ-2374-F                                    Create Appeal ⬅  Back

## Requester Details

To modify request details please update your requester profile or contact the our office for assistance.

**Allison Giles**
National Treasury Employees Union
800 K Street, N.W., Suite 1000
Washington,  20001
Phone 202-572-5509
Allie.Giles@nteu.org

Requester Default Category: Other

## Request Details



| | |
|---|---|
| Date Requested | 08/20/2025 |
| Received Date | 08/20/2025 |
| Status | Recieved |

**General Information**

| | |
|---|---|
| Action Office | OPM ▾ |
| Action Office Instructions | General |
| Request Type | FOIA ▾ |
| Requester Category | Other ▾ |

**Request Information**

Description

We request all petitions received by the Office of Personnel Management from all agencies ▲ ▼

Date Range for Record Search: From(mm/dd/yyyy)

To (mm/dd/yyyy)

Description Document    📎 Add Attachment

**Fee Information**

| | |
|---|---|
| Willing Amount ($) | 0.00 |
| Fee Waiver Requested | ☑ 📎 Add Attachment |
| Fee Waiver Granted | TBD |



| Fee Waiver Request Reason | NTEU requests a fee waiver. NTEU is a nonprofit labor union. Furthermore, disclosure of |
|---|---|

**Cost Details**

| Total Cost | $0.00 |
|---|---|
| Cost Incurred | $0.00 |
| Amount Paid | $0.00 |
| Balance Amount | $0.00 |
| Payment Status | No Charges |
| Willing to Pay All Fees | ☐ |

**Other Information**

| Company | | Phone | |
|---|---|---|---|
| Email Address | | Street1 | |
| Street2 | | City | |
| State | ----------- | Country | ----------- |
| Zip Code | | | |

**Expedite Information**

| Expedite Requested | ☑ 📎 Add Attachment |
|---|---|
| Expedite Reason | NTEU has an urgency to inform the public concerning Federal Government activity. |

| Expedite Request Status | TBD |
| --- | --- |

## Privacy Act Statement

Pursuant to 5 U.S.C. § 552a(e)(3), this Privacy Act Statement informs you of why the Office of Personnel Management (OPM) is requesting this information.

**Authorities:** OPM is authorized to collect the information requested here pursuant to 5 U.S.C. § 552, 5 U.S.C. § 552a, and 44 U.S.C. § 3101.

**Purpose:** OPM is collecting this information to locate applicable records in order to process and respond to your request made under the Freedom of Information Act (5 U.S.C. § 552) and/or Privacy Act of 1974 (5 U.S.C. § 552a). OPM will also use the information in the aggregate to prepare required reports for the Office of Management and Budget and the Department of Justice.

**Routine Uses:** This information may be shared externally as a "routine use" to, for example, the Department of Justice when necessary for litigation or to obtain advice and recommendations concerning a particular request, or to other Federal agencies or others when necessary to obtain information to respond to a particular request. A complete list of the routine uses can be found in the applicable system of records notice: OPM/Central-8 Privacy Act/Freedom of Information Act (PA/FOIA) Case Records 60 FR 63075, as amended by 87 FR 5874.

**Consequences of Failure to Provide the Information:** Furnishing this information is voluntary; however, failure to provide the information requested may delay or prevent OPM from processing your Freedom of Information Act or Privacy Act Request.

EXHIBIT C

 Outlook

## FOIA #25-HQ-2374-F, Natl' Treasury Emps. Union v. U.S. OPM, Civil Action 25-cv-3948

**From** Connor, Christopher D. <Christopher.Connor@opm.gov>

**Date** Thu 2/26/2026 8:54 AM

**To**      Paras Shah <paras.shah@nteu.org>; Allie Giles <Allie.Giles@NTEU.ORG>

**Cc**      Todd, James (CIV) <james.todd@usdoj.gov>

**Caution:** This message originated from outside of the organization. Do Not Click links or Open attachments unless you recognize the sender and know the content is safe.

This is the final response to the referenced Freedom of Information Act (FOIA) request dated August 20, 2025, which is the subject of the referenced case in litigation. The request seeks the following:

[A]ll petitions received by the Office of Personnel Management from all agencies identifying positions within the submitting agency to be transferred into Schedule Policy/Career, as created by Executive Order 13957 and pursuant to OPM Guidance on Implementing President Trump's Executive Order titled, "Restoring Accountability To Policy-Influencing Positions Within the Federal Workforce" issued on Jan. 27, 2025.

Our records search is complete, and we identified and reviewed 278 responsive pages from over 40 federal agencies. OPM determined the responsive records will be withheld in their entirety pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5). To a lesser extent, portions of the records are also exempt from disclosure to protect personal privacy pursuant to FOIA Exemption 6, 5 U.S.C. § 552(b)(6).

Exemption 5 allows an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C.§ 552(b)(5). Effectively, this exemption incorporates civil discovery privileges that protect the release of privileged information. As a threshold matter, the information being withheld is intra-agency because it was exchanged within OPM and inter-agency because it was exchanged between OPM and other federal executive government agencies. The deliberative process privilege protects the decision-making process of government agencies to encourage the frank exchange of ideas on policy matters, protect against the premature disclosure of proposed policies before they are adopted, and protect against public confusion that might result from disclosure of reasons and rationales that were not ultimately the grounds for an agency's action. For this privilege, the protected information must be both pre-decisional and deliberative. For the information in this case, the withheld information is pre-decisional because it is antecedent to the adoption of an agency policy. It is also deliberative because it reflects the give-and-take of the consultative process.

Specifically, consistent with the Schedule Policy/Career Executive Order (as amended) (EO), Section 5 (Agency Actions), the records are proposals from agencies for positions to be placed into Schedule Policy/Career. They are not the final list of positions. Further, agencies have often updated and revised the lists of recommended positions and OPM in turn updates its concurrence determinations. Section 5(c) of the EO requires OPM to review the agency proposals and then makes a recommendation to the President regarding the positions. OPM has not submitted a recommendation to the President of positions to be placed into Schedule Policy/Career.

FOIA exemption 6 requires an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The phrase "similar files" covers any agency records containing information about a particular individual that can be identified as applying to that individual. The privacy interest that would be affected by disclosure must be balanced against any public interest in the information. Under the FOIA, the only relevant public interest to consider is the extent to which the

information sought would shed light on an agency's performance of its statutory duties. The information that has been withheld under Exemption 6 consists of information in which individuals have a privacy interest, including telephone extensions and email addresses. OPM has determined that the harm to personal privacy is greater than any public interest that may be served by disclosure, and that release of the information would constitute a clearly unwarranted invasion of privacy. Further, OPM considered the FOIA's foreseeable harm standard under 5 U.S.C. § 552(a)(8)(A)(i)(I) and determined that disclosure would harm an interest protected by the exemption applied.

If you have any questions or concerns about this response, please contact Assistant U.S. Attorney James Todd, copied here.

Chris Connor
Supervisory Attorney
Office of the General Counsel | U.S. Office of Personnel Management
1900 E Street NW | Washington DC 20415



Notice: This message may contain sensitive or privileged information that requires safeguarding under applicable law, regulation, or Government-wide policy. This email, including all attachments, may contain information that is intended only for the use of the individual or entity to which it is addressed. If you have received this email in error, please notify the sender by responding to the email and then immediately delete the email.