IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:25-cv-3948 (JDB) |
| v. | ) ) | |
| U.S. OFFICE OF PERSONNEL MANAGEMENT, | ) ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT
OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h), Plaintiff National Treasury Employees Union respectfully submits the following response to Defendant's Statement of Material Facts Not in Dispute, Dkt. No. 21-1 (Def.'s SOF). For the Court's convenience, Plaintiff reproduces each numbered paragraph of Defendant's Statement and provides its response immediately below.

**Def.'s SOF ¶ 1**: "On August 20, 2025, Plaintiff National Treasury Employees Union ("NTEU") submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to Defendant U.S. Office of Personnel Management ("OPM"). Plaintiff's request sought "all petitions received by [OPM] from all agencies identifying positions within the submitting agency to be transferred into Schedule Policy/Career, as created by Executive Order 13957 and pursuant to OPM Guidance on Implementing President Trump's Executive Order titled, 'Restoring

Accountability to Policy-Influencing Positions Within the Federal Workforce' issued on Jan. 27, 2025," Am. Compl., ECF No. 18 at Ex. A."

**Pl.'s Response to ¶ 1**: Not disputed.

**Def.'s SOF ¶ 2**: "OPM acknowledged receipt of Plaintiff's FOIA requests on August 20, 2025. *See* Ex. B to Am. Compl."

**Pl.'s Response to ¶ 2**: Not disputed.

**Def.'s SOF ¶ 3**: "Plaintiff commenced this action on November 17, 2025. *See* Compl. for Decl. & Inj. Relief, ECF No. 1."

**Pl.'s Response to ¶ 3**: Not disputed.

**Def.'s SOF ¶ 4**: "OPM conducted initial searches for records responsive to Plaintiff's FOIA request and sent a response to NTEU on February 26, 2026. *See* Email from Christopher Connor to Paras Shah, Feb. 26, 2026, Am. Compl, ECF No. 18 at Ex. C ("Initial FOIA Response"); *see also* Decl. of Tonya Carrington ¶ 5, attached hereto as Ex. 1 ("Carrington Decl."). The agency stated that its search had located 278 pages of records from over 40 federal agencies responsive to NTEU's FOIA request. *See* Initial FOIA Response. OPM explained that it was withholding all records responsive to the request under FOIA Exemption 5. It also withheld a small portion of some of the records under FOIA Exemption 6."

**Pl.'s Response to ¶ 4**: Not disputed, except if Defendant is maintaining its withholding was lawful under FOIA, that is a legal conclusion.

**Def.'s SOF ¶ 5**: "On April 23, 2026, NTEU withdrew without prejudice its challenge to OPM's Exemption 6 withholdings. *See* Email from Allie Giles to James Todd, April 23, 2026, attached hereto as Ex. 2."

**Pl.'s Response to ¶ 5**: Not disputed, but Plaintiff clarifies that its withdrawal of its Exemption 6 challenge was limited to Defendant's withholding of agency employee names and email addresses in email "to" and "from" lines and in signature blocks. Def.'s Mem. in Supp. of Mot. for Summ. J. Ex. 2, Dkt. No. 21-4.

**Def.'s SOF ¶ 6**: "In April 2026, the OPM FOIA team conducted a supplemental search for records responsive to Plaintiff's FOIA request. *See* Carrington Decl. ¶ 8. The FOIA team coordinated with the OPM Workforce Policy and Innovation office ("OPM WPI"), the office tasked with implementing the President's Executive Order to streamline the federal workforce. OPM WPI advised the FOIA team that they had coordinated all relevant agency communications and had established a dedicated Schedule Policy/Career mailbox, transitioning from employ@opm.gov to schedule-policycareer@opm.gov. *See id.* OPM WPI further advised the FOIA team that documents were submitted either through the Schedule Policy/Career mailbox or via other agency designated systems, including secure file exchanges. *See id.* OPM WPI provided the FOIA team access to records collected from its database of about 1360 files from submissions by 74 agency Chief Human Capital Officers ("CHCOs"), or their CHCO designees, to OPM WPI. *See id.*"

**Pl.'s Response to ¶ 6**: Not disputed.

**Def.'s SOF ¶ 7**: "OPM determined that all responsive records located from the agency's searches should be withheld in their entirety under FOIA Exemption 5 and prepared a Vaughn index describing each record by date received; sending agency; sender address (in each case from the CHCO or CHCO designee); recipient (OPM WPI); platform received (employ@opm.gov, schedule-policycareer@opm.gov, or secure file exchange); document type (i.e., spreadsheet, email, or other); exemption claimed; and the agency's justification for withholding the record (i.e., the record consisted of initial draft list, a revised draft list, or other draft interagency recommendation). *See id.*; OPM Vaughn index, attached as Ex A to Carrington Decl."

**Pl.'s Response to ¶ 7**: Not disputed, except if Defendant is maintaining its withholding was lawful under FOIA, that is a legal conclusion.

June 10, 2026

Respectfully submitted,

PARAS N. SHAH
(D.C. Bar No. 983881)
General Counsel

ALLISON C. GILES
(D.C. Bar No. 439705)
Associate General Counsel

*/s/ Thaxton Blaise Springfield*
THAXTON BLAISE SPRINGFIELD
(D.C. Bar No. 90019358)
Assistant Counsel
NATIONAL TREASURY
EMPLOYEES UNION
800 K Street, N.W., Suite 1000
Washington, D.C. 20001
(202) 572-5505

Counsel for Plaintiff

4